IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DAVID LE and CHUAN LE, INDIVIDUALLY, and d/b/a IMAGE NAIL & FACIAL | }<br>}<br>} |
| Plaintiff, | } |
| v. | } CIVIL ACTION NO. H-03-5713 |
| THE CHEESCAKE FACTORY RESTAURANTS, INC., | }<br>} |
| Defendant. | } |

**OPINION ON SUMMARY JUDGMENT**

Pending before the court are Defendant, The Cheescake Factory Restaurants, Inc.'s (hereinafter "CCF") Motion for Final Summary Judgment (Doc. 8), Motion to Strike Expert Witness Designations and Testimony, Motion to Compel Discovery, and Motion for Sanctions (Doc. 19), Motion to Strike Response in Opposition to Motion for Summary Judgment (Doc. 29), and Motion to Strike Second Amended Response to Motion for Summary Judgment (Doc. 42); additionally pending are Plaintiffs David Le and Chuan Le, individually and d/b/a Image Nail and Facial's (hereinafter the "Plaintiffs") Motion to Permit Withdrawal of Deemed Admissions (Doc. 12); Motion to Extend Time to File Amended Response to the Motion for Summary Judgment (Doc. 33), Motion for Extension of Time to File Second Amended Response in Opposition to Defendant's Motion for Final Summary Judgment (Doc. 36), and First Amended Motion to Permit Withdrawal of Deemed Admissions (Doc. 37).

**I.      Summary Judgment Standard**

A movant seeking summary judgment must inform the court of the basis of his motion and point out those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R.Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant asserting an affirmative defense, he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor. *Fontenot v. Upjohn*, 780 F.2d 1190, 1194 (5th Cir. 1986). The substantive law governing the suit identifies the essential elements of the claims

at issue and therefore indicates which facts are material; i.e., only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. *Anderson v. Liberty Lobby*, 477 U.S. 248, 256-57 (1986). The movant need not negate the opposing party's claims nor produce evidence showing the absence of a genuine issue of fact, but may rely on the absence of evidence to support essential elements of the opposing party's claims. *Celotex*, 477 U.S. at 323-25. However, "[o]n summary judgment the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986) (citing *U.S. v. Diebold, Inc.,* 369 U.S. 654, 655 (1962)). If it is evident that the party seeking summary judgment against one who bears the proof burden has no access to evidence of disproof, and ample time has been allowed for discovery, he should be permitted to rely upon the complete absence of proof of an essential element. *Fontenot v. Upjohn,* 780 F.2d at 1195. If the moving party fails to meet its initial burden, the motion must be denied, regardless of the non-movant's response. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

If the movant meets his burden, the burden then shifts to the non-movant to set forth specific facts and competent summary judgment evidence to raise a genuine issue of material fact on each essential element of any claim on which he bears the burden of proof at trial. Fed. R.Civ. P. 56(c). The non-moving party may not rest on mere allegations or denials in its pleadings, but must produce affirmative evidence, and specific facts showing that there is a genuine issue for trial. Fed. R.Civ. P. 56(e); *Anderson*, 477 U.S. at 256-157. The non-movant may point to evidentiary documents already in the record that set out specific facts showing the existence of a genuine issue. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990). Furthermore, the non-movant does not likewise have to present its own evidence, but may point out genuine issues of fact extant in the summary judgment evidence produced by the movant, if any. *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 198-200 (5th Cir. 1988).

**II.**     **Factual & Procedural Background**

The Plaintiffs originally filed their suit on April 25, 2003, in the District Court of Harris County, Texas, 11th Judicial District, but the action was removed to this court based on complete diversity of the parties (28 U.S.C. § 1332), as CCF's principal place of business is located in Calabassas, California, and the amount in controversy exceeds $75,000.00. (Doc. 1, Notice of Removal, ¶¶'s 2 & 3.)

A Joint Discovery/Case Management Plan was instituted by the parties on April 2, 2004, in which CCF anticipated that it may in the future join HG Shopping Centers, LP/Simon Properties or remit interrogatories to the latter party within 120 days of exchanging initial

disclosures, a date set for April 30, 2004. (Doc. 4, ¶¶ 8, 9C & 9D.) (Both of the instant parties are located in the Houston Galleria.) The scheduling order also set the deadline for completion of discovery for August 3, 2005. At that time, the parties also anticipated that discovery could be reasonably completed by or on April 30, 2004. (*Id*. at ¶ 12.) Nevertheless, the case languished as Plaintiffs failed to prosecute their action.

> In their first Amended Original Petition, Plaintiffs alleged that
>
> > 7. On or about November 10, 2001, a drain pipe running in the ceiling above Image Nail & Facial ruptured, causing extensive water damage to the salon. An investigation of the rupture revealed that it was caused by improper usage of the drain pipe by a restaurant, The Cheescake Factory, owned and operated by [CCF, the Defendant]. More specifically, the pipe in question had become clogged and corroded as a result of [CCF] using it to dispose of waste food products and grease, despite the fact that it was to be used for sewage and waste water disposal only.
> >
> > 8. On or about February 9, 2002, after Image Nail & Facial had repaired the damage caused by the incident on November 10, 2001, another rupture occurred, for the same reasons set forth in the preceding paragraph. Once again, Image Nail & Facial suffered extensive water damage as a result of that second rupture. (Doc. 1, Exh. 7, ¶ 7, 8.)

Additionally, Plaintiffs asserted CCF "knew or should have known that the improper use of the pipe in question would cause it to rupture," that CCF failed to remedy the first rupture which, in turn, proximately caused the second rupture, and that CCF failed to use the pipe for its intended purpose, such failure constituting a breach of CCF's duty of care. (*Id*. at ¶ 9.)

Approaching a year after the parties' scheduling order, on January 12, 2005, CCF filed its Motion for Final Summary Judgment (Doc. 8) arguing that because Plaintiffs had failed to respond to CCF's First Request for Production and First Set of Interrogatories and First Request for Admissions to Plaintiffs, filed October 6, 2004, and November 24, 2004, respectively, CCF's requests were deemed admitted as a matter of law.

CCF argued in its Motion for Summary Judgment that Plaintiffs had admitted CCF did not install (it was installed previously), exclusively use, or have an awareness of the condition of, or duty to repair, the drainpipe in question, and that the pipe was the property of the Houston Galleria, which had in turn failed to exercise reasonable care in the maintenance of the pipe, which actions formed the sole and proximate cause of the pipe ruptures and Plaintiff's damages. (Doc. 8, pp. 2-3.) CCF argued that Plaintiffs could not prove the elements of their negligence cause of action because no evidence existed that (1) CCF owed a legal duty to Plaintiffs; that (2) CCF breached any duty owed to Plaintiffs; and that (3) any breach was the proximate cause of the Plaintiffs' damages. Therefore, Plaintiffs could not establish the necessary elements of their negligence cause of action. *See Van Horn v. Chambers*, 970 S.W.2d 542, 544 (Tex. 1998)(stating the elements of such an action to be, (1) a legal duty; 2) breach of that duty; and 3) damages

proximately resulting from the breach.) (*citing Praesel v. Johnson*, 967 S.W.2d 391, 394 (Tex. 1998)).

In response, on February 4, 2005, Plaintiffs filed an Unopposed Motion for Extension of time to File Response to Defendant's Motion for Final Summary Judgment, wherein they stated that Plaintiffs' counsel had been out of the country and did not discover Defendant's Motion for Final Summary Judgment in his mail until January 25, 2005. (Doc. 10, p. 1, ¶ II.) The court granted this request. (Doc. 11.)

Thereafter, Plaintiffs filed a Motion to Permit Withdrawal of Deemed Admissions (Doc. 12) pursuant to Fed. R. Civ. P. 36(b) on February 17, 2005. Plaintiffs made three arguments in their motion. First, they argued they had fulfilled their responsibility and provided responses to CCF's requests for admissions as of February 17th. (Doc. 12, p. 1; Exh. 1.) Second, Plaintiffs provided the affidavits of Plaintiff's counsel D. Craig Hughes (*Id.*, Exh. 2) and Craig Coscarelli, a legal assistant employed by an adjoining firm who stated that "it is entirely possible that I failed to make sure that Mr. Hughes was aware that the item in question was received by me" (*Id.* at Exh. 3, p. 2); Plaintiffs argued that their alleged failure to timely respond to the requests for admissions was not the result of neglect or conscious indifference, but rather the result of a mistake concerning the handling of the undersigned counsel's mail. (*Id.* at p. 2.) Finally, Plaintiffs pointed out that because the discovery deadline was August 3, 2005, and as the dispositive motions deadline was August 31, 2005, CCF was not going to be prejudiced if Plaintiffs were allowed to withdraw their admissions and complete discovery, stating that "Plaintiffs fully *intend to initiate* such discovery, as well as respond to any outstanding discovery requests propounded by Defendant, no later than February 28, 2005." (*Id.* at p. 3) (emphasis added).

On March 8, 2005, CCF responded that Plaintiffs should not be allowed to withdraw their deemed admissions as they had already had over a year to conduct written discovery, take depositions, secure expert reports, or otherwise prepare for trial. (Doc. 15, p. 1.) CCF pointed out that Plaintiffs had still not served discovery on CCF or any other party. (*Id.* at p. 4.) In the alternative, CCF also pointed out that although Plaintiffs had filed their responses to Defendant's Request for Admissions on February 17, 2005, Plaintiffs had once again failed to respond to Request for Admission Number Ten (10) and that such admission was therefore still established as a matter of law. (*Id.* at p. 2) Request Number 10 stated

> The Houston Galleria's failure to exercise reasonable care in the maintenance of the drainpipe was the sole proximate cause of the rupture of the drainpipe alleged in the Complaint. (Doc. 12, Exh. 1, ¶ 10.)

The Plaintiffs had neglected to deny this admission in the responses they finally made, and this still left their case against CCF unfounded by removing the possibility of ever proving causation, warranting summary judgment. (*Id.*) Months later, on August 1, 2005, Plaintiffs moved to permit the withdrawal of their failure to respond to Admission No. 10, which they asserted was inadvertent. (Doc. 37, pp. 1-2.)

**III.         Analysis**

        **A.     Federal Rules of Civil Procedure Rule 56 and 36 Standards**

Federal Rule of Civil Procedure 56 "does not require that *any* discovery take place before summary judgment can be granted." *Brown v. Mississppi Valley State Univ.*, 311 F.3d 328, 333 n.5 (5 th Cir. 2002) (emphasis added) (*quoting Washington v. Allstate Ins.*, 901 F.2d 1281, 1285 (5th Cir. 1990). "Parties cannot evade summary judgment simply by arguing that additional discovery is needed." *Id*. "[I]f a party cannot adequately defend [against a summary judgment motion], Rule 56(f) is his remedy." *Washington*, 910 F.2d at 1285.

To obtain a continuance of a motion for summary judgment, a party must file a motion under Rule 56(f) before the court rules on the motion for summary judgment, giving notice to the court that further discovery is being sought and demonstrating specifically how that discovery is relevant to the pending motion. *Exxon Corp. v. Crosby-Mississippi Resources, Ltd.*, 40 F.3d 1474, 1487 (5th Cir. 1995). The party may not rely on vague allegations that additional discovery will produce needed, but unspecified facts, but must indicate to the court, preferably in writing, although not necessarily in the form of an affidavit, why he needs that additional discovery and how it will create a genuine issue of material fact. *Krim*, 989 F.2d at 1442. If the district court in its discretion determines that additional discovery will not produce evidence that will create a genuine issue of material fact, it may grant summary judgment. Denial of a motion for continuance for additional discovery is reviewed under an abuse of discretion standard and the denial will be affirmed unless the district court's decision is arbitrary or clearly unreasonable and the complaining party shows it was prejudiced by the decision. *HC Gun & Knife Shows, Inc. v. City of Houston*, 201 F.3d 544, 549 (5th Cir. 2000); *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 721 (5th Cir. 1995) (citing *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1441-42 (5th Cir. 1993)) (and citations). Plaintiffs have consistently failed to file timely motions seeking a continuance or for additional time to submit evidence in opposition to summary judgment. (*See* Docket Instrument No's 24, 33, 35 & 36.) Furthermore, Fed. R. Civ. P. 6(b) also requires that the court may extend deadlines upon a motion showing excusable neglect; however, Plaintiffs have not filed such motions even though they have filed two amended responses to the CCF's summary judgment motion, as well as several additional supplemental pleadings.

Furthermore, under Federal Rule of Civil Procedure 36(a), a matter in a request for admissions is deemed admitted unless the party to whom the request is directed answers or objects to the matter within 30 days. *Hulsey v. State of Tex.*, 929 F.2d 168, 171 (5th Cir. 1991) (*citing* Fed. R. Civ. P. 36(a)). Federal Rule of Civil Procedure 56(c) specifies that "admissions on file" can be an appropriate basis for granting summary judgment. *In re Carney*, 258 F.3d 415, 420 (5th Cir. 2001). "Since Rule 36 admissions, whether express or by default, are conclusive as to the matters admitted, they cannot be overcome at the summary judgment stage by contradictory affidavit testimony or other evidence in the summary judgment record." *Id*. (citing *Dukes v. South Carolina Ins. Co.*, 770 F.2d 545, 548-49 (5th Cir. 1985)). Rule 36 allows litigants to request admissions as to a broad range of matters, including ultimate facts, as well as applications of law to fact. "The Rule is self-executing; no court intervention is required for an admission to be established." *Curtis v. State Farm Lloyds*, H-03-1025, 2004 WL 1621700 (S.D. Tex. April 29, 2004). Furthermore, the conclusive effect of such admissions, if not withdrawn, cannot be rebutted by contrary testimony or ignored by the court simply because it finds other evidence more credible; the conclusive effect applies equally to those admissions made affirmatively and those made by default; and, the conclusive effect applies even if the matters admitted relate to material facts that defeat a party's claim. *American Auto Ass'n v. AAA Legal Clinic*, 930 F.2d 1117, 1120 (5th Cir. 1991) (citing cases)).

The Court of Appeals has also stressed that a deemed admission can only be withdrawn or amended by motion in accordance with Rule 36(b). *In re Carney*, 258 F.3d at 419 (citing *American Auto Ass'n*, 930 F.2d at 1120). "In order to allow withdrawal of a deemed admission, Rule 36(b) requires that a trial court find that withdrawal or amendment: 1) would serve the presentation of the case on the merits, but 2) would not prejudice the party that obtained the admissions in its presentation of the case." *Id*. (citing *American Auto*, 930 F.2d at 1119.)

> Rule 36(b) "places a burden on both the party who makes the admission and the party who obtains the admission. The party making the admission must show that the presentation of the merits will be subserved. The party obtaining the admission must satisfy the court that the withdrawal or amendment of the admission will prejudice him." *Coca-Cola Bottling Co. v. Coca-Cola Co.*, 123 F.R.D. 97, 102 (D.Del. 1988)

.
However, "[e]ven when these two factors are established, a district court has discretion to deny a request for leave to withdraw or amend an admission; and a court's decision on the matter is reviewed for abuse of discretion." *Id*. (citing *United States v. Kasuboski*, 834 F.2d 1345, 1350 n.7 (7th Cir. 1987)).

In considering the first element, whether the presentation of the merits will be facilitated by permitting an admission to be withdrawn, the court may look at whether the

admission is contrary to the record of the case, whether an admission is no longer true because of changed circumstances, or whether through an honest error a party has made an improvident admission.  *See North Louisiana Rehabilitation Center, Inc. v. U.S.*, 179 F. Supp. 2d 658, (W.D. La. 2001) (citing *Ropfogel v. United States*, 138 F.R.D. 579, 583 (D. Kan. 1991)).  "In a proper case, when an admission is made inadvertently, or new evidence is discovered after the admission despite due diligence, Rule 36(b) withdrawal should be allowed." *Branch Banking and Trust Co. v. Deutz-Allis Corp.*, 120 F.R.D. 655, 660 (E.D.N.C. 1988)   The court must look at whether the effect of upholding the admissions would be practically to eliminate any presentation of the merits.  *Ropfogel v. United States*, 138 F.R.D. 579, 583 (D. Kan. 1991).

First and foremost, Plaintiffs' one and one-half page Motion to Withdraw is not organized according to the aforementioned precedent.  Plaintiffs did not present their arguments according to the governing law.  Months later, on August 1, 2005, Plaintiffs filed a First Amended Motion to Permit Withdrawal of Deemed Admissions, seeking to withdrawal their response to Request for Admission No. 10.  (Doc. 37.) However even in such motion, Plaintiffs failed to remedy their failure to present their argument according to the law.  Furthermore, while it may be the case that the Plaintiffs' admission in this case may completely free CCF of liability, Plaintiffs have nevertheless not competently pointed to existing facts in the record which contradict such admissions, they do not detail how such admissions are no longer true, or detail how the admissions were a mistake.  The fact that Plaintiffs have failed to provide evidence creating a genuine issue of fact through the untimely affidavit of Mr. Binh Nguyen is discussed below.

Further, Plaintiffs' motion offered no explanation for how withdrawal of the admissions would advance the presentation of the case.  Even after responding to admissions late, Plaintiffs omitted responding to a crucial admission (Request for Admission No. 10) which nevertheless defeats their case.  The court would not permit the Plaintiffs' second motion to withdraw as it is extremely late and fails to follow proper form.

With respect to the second prong of the Rule 36(b) test, CCF has shown that it would be prejudiced, and Plaintiffs cannot show that they have been diligent, as they have been evidently dilatory.  Courts have usually found that the prejudice contemplated by Rule 36(b) relates to special difficulties a party may face caused by a sudden need to obtain evidence upon which withdrawal or amendment of an admission; such a standard is most applicable in situations in which the court permits withdrawal or amendment before trial with a "manifest injustice" standard applicable once trial has begun.  *American Automobile*, 930 F.2d 1117, 1121 n.11 (5th Cir. 1991) (*citing Brook Village N. Assocs v. General Elec. Co.*, 686 F.2d 66, 70 (C.A.N.H. 1982)) (The prejudice contemplated by the Rule is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth. Rather, it relates to the difficulty

a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions.)).

The necessity that the party moving for the admission prove prejudice appears to be weighed concomitantly with the diligence of the movant for withdrawal: "if [a movant for withdrawal] acted carelessly, however, it would be neither fair nor just to protect him at the risk of harming [the party moving for admission]." *Branch Banking*, 120 F.R.D. 655, 659-60 (E.D.N.C. 1988) (citing Ted Finman, *The Request for Admissions in Federal Civil Procedure*, 71 Yale L.J. 371, 424-25 (1962)).

Plaintiffs have not been diligent in the prosecution of their action. Plaintiffs were served with interrogatories and requests for production on October 6, 2004, but it is not denied that such requests were unanswered when CCF filed its summary judgment motion. (Doc. 16, p. 4.) Furthermore, it is unclear why plaintiffs in this action could not have responded to the requests for admissions on February 4, 2005, at the time they sought an extension of time to respond to the Summary Judgment, or why they could not state or truthfully admit or deny CCF's requests. If Plaintiffs had difficulty with the responses to the requests, they could have moved the court for an extension of time. Therefore CCF should not now be penalized for Plaintiffs' lack of diligence.

CCF has argued that it would be prejudiced if the admissions were permitted to be withdrawn, as CCF asserted it would "have to incur considerable expense through further discovery by depositions, expert testimony, and third-party written discovery to establish the matters it had secured by admission and upon which it is entitled to rely." (Doc. 16, p. 5.) CCF's argument that it would be prejudiced with the necessity of seeking additional discovery has authority even though it has in fact proceeded to prosecute its defense and deposed both Plaintiff Chuan Le and Plaintiffs' proposed expert, Binh Nguyen in response to Plaintiffs' continued efforts to assert additional facts in support of their opposition to summary judgment - even though Plaintiffs have failed to justify their actions and seek additional time from the court.

As noted above, the parties instituted a Joint Discovery/Case Management Plan on April 2, 2004, in which the parties agreed to a discovery cutoff for August 3, 2005. The Plaintiff's Response in Opposition to CCF's Motion for Summary Judgment, filed February 17, 2005, stated that the Plaintiffs intended to *initiate* discovery. (Doc. 15, p. 5.) Though Plaintiffs have argued and pointed to the fact that discovery would not have closed until August 3, 2005, this does not excuse Plaintiffs failure to commence discovery for almost a year. Nor did the additional remaining time for discovery, in and of itself, justify the withdrawal of Plaintiffs' admissions.

Additionally, at the time the parties filed their Joint Discovery/Case Management Plan in April 2004, CCF anticipated that would potentially join HG Shopping Centers, LP/Simon

Properties or remit interrogatories to the latter party within 120 days of exchanging initial disclosures, a date set for April 30, 2004. (Doc. 4, ¶¶ 8, 9C & 9D.) The deadline for joining additional parties had already passed on February 1, 2005, *prior* to Plaintiffs' request to withdraw their admissions. Therefore, if plaintiffs were in fact allowed to withdraw their admissions and discovery had yielded information that a third party such as HG was in fact a necessary party to the action, or was in fact in control of the drainpipe forming the focus of this action, CCF would have been unable to amend its pleadings to add such a party and to initiate discovery regarding such party's duties, if any, without obtaining leave from the court to amend the Scheduling Order.

Other factors also warrant dismissal of the instant action. On April 20, 2005, CCF moved to strike Plaintiffs' expert witness designations and testimony, to compel discovery, and for sanctions. The court notes Defendants' assertion in this document that by mid-April, Plaintiffs had still not actually filed their discovery responses as promised for February 28th. (Doc. 19, p.8.) Furthermore, because the controlling scheduling order (Doc. 6) had set April 4, 2005, as the date for production of experts and their reports, CCF argued that Plaintiffs should be sanctioned for Plaintiffs' failure to comply with such order and produce interrogatory responses and documents. As noted by Defendants, despite having 12 months to retain experts and have reports prepared for such experts, and despite having been requested to provide expert discovery in October of 2004, it was on April 4, 2005, that Plaintiffs served "Plaintiff's Designation of Expert Witnesses," naming Stan Ott, Binh Nguyen, and Ann Marie Johnson as experts on causation and damges; Plaintiffs filed this designation but failed to file reports for such experts or answer outstanding expert discovery. (Doc. 19, p. 4.) CCF argued in its motion on April 20th, that Plaintiffs' actions prejudiced it, leaving less than four months to complete discovery and to depose Plaintiffs' proposed experts. (*Id.*, pp. 7-8.)

As of April 20th, Plaintiffs had still not filed a motion to extend deadlines for submission of their discovery responses. Rule 16(b) of the Federal Rules of Civil Procedure authorize the district court to control and expedite pretrial discovery through a scheduling order. *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990). Such a schedule cannot be modified except upon a showing of good cause. Fed. R. Civ. P. 16(b). A trial court's decision to exclude evidence as a means of enforcing a pretrial order must not be disturbed absent a clear abuse of discretion. *Id*. Furthermore, a court is authorized to use a full panoply of sanctions for a party's failure to obey a scheduling or pretrial order under Rule 16(f). Nevertheless, on May 9, 2005, Plaintiffs had filed a response to CCF's Motion to Strike, wherein they admitted that they had yet to file responses to CCF's interrogatories, though they admitted they were "under an obligation to do so," but Plaintiffs argued that sanctions were not available under Fed. R. Civ. P. 37, unless they had first been in violation of an express order to comply from the court. (Doc. 20, p. 2.)

On May 17, 2005, the parties had filed an agreed, proposed order on CCF's Motion to Compel Discovery (Doc. 22), wherein Plaintiffs agreed that they would provide responses to CCF's previously served Requests for Production and Interrogatories on or before May 20, 2005, and that they would pay $1,000.00 as a reasonable amount to reimburse CCF its expenses and attorneys' fees.  However, by May 26, CCF had filed a Reply in Support of the Motion to Strike, wherein it argued that Plaintiffs had failed yet again to provide expert reports and meet even their revised deadline of May 21, 2005, for providing interrogatory responses, and had totally failed to provide any justification for failing to comply with the scheduling order. (Doc. 23, pp. 1-4.)  On May 31, 2005, Plaintiffs filed their First Amended Response in Opposition to Defendants' Motion for Final Summary Judgment (Doc. 24), wherein they argued that in their most recently filed responses to the requested interrogatories, they had provided sufficient summary judgment evidence under Fed. R. Civ. P. 56(c) to create a genuine issue of material fact as to

> whether or not Defendant owed a legal duty to Plaintiffs to use the drainpipes at issue in this lawsuit in a manner that would not result in their rupture, whether Defendant breached that duty, and whether that breach proximately caused Plaintiffs damages.  (Doc. 24, p. 2.)

In Plaintiff's First Amended Response in Opposition to Defendants Motion to Strike Experts, Plaintiffs also argued that their expert should not be struck for failing to file a report, since he was a non-retained expert.  (Doc. 26 & 27, pp. 1-3.)  *See Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 882 (5th Cir. 2004)("The requirement of a written report in [Rule 26(a)](2)(B), however, applies only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony.  A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report.")  Furthermore, Plaintiffs argued that they had in fact provided the interrogatory responses described by Defendants, on May 20, 2005, as promised.  (*Id*. at pp. 3-6.)

CCF responded in its Motion to Strike [Plaintiffs'] Amended Response to Motion for Summary Judgment, that after CCF's Motion for Summary Judgment had been filed on January 12, 2005, and although Plaintiffs had obtained a continuance to file their motion until February 17, 2005, Plaintiffs had failed to seek a Fed. R. Civ. P. 56(f) continuance thereafter.  (Doc. 26, pp. 1-3.)  Rather, CCF asserted, over three months after their response to the motion was due, Plaintiffs filed, without seeking or obtaining leave of court, an amended response that attached interrogatory responses six months overdue.  (*Id*. at p. 3.)  In its Supplemental Reply Brief in Support of Motion for Summary Judgment, CCF also noted that not only had Plaintiffs Amended Response failed to identify the location of the evidence creating a genuine issue of fact in their interrogatories, but that

Plaintiffs responses to the contention interrogatories were inadmissible evidence containing bare allegations of fact and conclusory statements. (Doc. 30, pp. 3-4.) For example in response to Interrogatory 13, which asked Plaintiffs to "state the basis for your contention that 'an investigation of the rupture revealed that it was caused by improper usage of the drainpipe by a restaurant, the Cheescake Factory, owned and operated by Defendant,'" Plaintiffs stated

> A visual inspection of the subject ruptured pipe by Stan Ott, Binh Nguyen, and other Galleria employees revealed that it was clogged with grease, food waste, and other products which should not have been introduced into it, and that the source of the clogging matter was the Cheescake Factory restaurant. (Doc. 28, Exh. 4, p. 7, Interrogatory No. 13.)

On July 13, 2005, Plaintiffs filed very brief Response in Opposition to the Motion to Strike, and in the alternative seeking additional time to file their amended response to May 31, 2005. (Doc's 32 & 33.) Further, on August 1, 2005, Plaintiffs filed their First Amended Motion to Permit Withdrawal of Deemed Admissions, seeking to withdrawal their response to Request for Admission No. 10 (Doc. 37, pp. 1-2; Exh. A), and their Second Amended Response in Opposition to Defendants' Motion for Final Summary Judgment and Motion for Extension of Time (Doc. 35 & 36), to which Plaintiffs attached the Affidavit of Binh Nguyen, whom they asserted had now provided competent summary judgment evidence, creating a genuine issue of material fact regarding whether or not CCF owed Plaintiffs a legal duty not to misuse the drainpipe in question. (Doc. 35, p. 1-2.)

Mr. Nguyen averred that on the occasion of both of the pipe ruptures at issue, he viewed the areas of the pipe where the leaks had occurred and noticed that the pipe was "severely clogged with what appeared to be an excessive amount of waste food products, grease, vinegar, and other waste water." (Doc. 35, Exh. A, p. 1.) Furthermore, Mr. Nguyen averred

> I was also able to determine that the subject pipe was connected to, and/or was being used by the Cheescake Factory Restaurant, which is located above the Image Nail Salon in the Galleria. Given that it appeared to me that there was no other restaurants using the subject pipe, its my opinion that the excessive waste food products...came from the Cheescake Factory Restaurant. (*Id*. at pp. 1-2.)

In response, CCF filed its Surreply to its Motion to strike Plaintiffs' expert witness designations and testimony, to compel discovery, and for sanctions. (Doc. 38.) In this motion, CCF again reiterated that Plaintiffs had failed to present their arguments for withdrawal according to applicable precedent. (*Id*. at pp. 4-9.) Furthermore, CCF argued that in light of its recent deposition it had taken of Plaintiff, Chuan Le, CCF had discovered that Plaintiff had failed throughout the discovery period to provide documents it had requested which supported Plaintiffs' claims for damages. (*Id*. at pp. 10-11.)

Furthermore, in its Second Supplemental Reply Brief in Support of Motion for Summary Judgment, CCF argued that due to its dilatory nature, the court should not even consider Plaintiffs' second motion to withdraw admissions, their late filed responses to interrogatories, or Mr. Nguyen's affidavit, as attached to Plaintiffs' untimely Second Amended Response in Opposition to Defendant's Motion for Final Summary Judgment. (Doc. 40, p. 2.) Even if the Plaintiffs' admission were ignored, CCF argued that Mr. Nguyen's affidavit could not be considered in light of Plaintiffs failure to timely provide answers to interrogatories respecting his opinions, and their failure to properly designate him as an expert or to provide a report for him. (*Id.*)

Finally, on the basis of Mr. Nguyen's deposition, which CCF had nevertheless taken, CCF argued that not only was Mr. Nguyen not qualified to provide expert testimony according to his own admissions, as he was not certified or licensed in plumbing, engineering or any other skill (*Id.*; citing Deposition of Binh Nguyen, Exh. 1, pp. 11-13), but that Mr. Nguyen had in fact testified at his deposition that CCF's action in using '4 inch' pipe was "reasonable" (*Id.*; citing Deposition of Binh Nguyen, Exh. 1, pp. 47-49.); further, Mr. Nguyen testified that he never personally repaired the pipe in question because he did not have authority to do so. He cleaned up the nail salon with helpers. (*Id.* at pp. 5 & 6; citing Deposition of Binh Nguyen, Exh. 1, p. 16.) CCF argues that Mr. Nguyen's testimony shows he lacks the foundation and personal knowledge necessary to be of any assistance to the fact finder, quoting a passage from the deposition in which he stated

| Mr. Kurzner: | What I'm asking you is if - if you believe that you have any specialized training, experience, or education that allows you to render the opinion that you just rendered? |
|---|---|
| Mr. Nguyen: | No. |
| Mr. Kurzner: | - such that we should give it any additional weight over anyone else's? |
| Mr. Nguyen: | No. (*Id.*; citing Deposition of Binh Nguyen, Exh. 1, p. 47.) |

The court notes that in their Answers to Defendants First Set of Interrogatories, Plaintiffs stated that

> Mr. Nguyen is of the opinion that the ruptures occurred as a result of Defendant introducing food, grease, and other foreign substances into the pipe or pipes at issue in this lawsuit, and that the pipe or pipes, as a sanitary line, were not designed to handle, and/or were incapable of disposing of those substances without rupturing. (Doc. 24, Exh. A, Interrogatory No. 6, Answer (b).)

As Defendant points out, it is well settled in this Circuit that a court does not allow a party to defeat a motion for summary judgment using an affidavit that impeaches, without explanation, sworn testimony. *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 495 (5th Cir. 1996) (citing *Thurman v. Sears, Roebuck & Co.*, 952 F.2d 128, 137 n.23 (5th Cir.), *cert. denied*, 506 U.S. 845 (1992)). Federal Rule of Civil Procedure 56(e) requires that "supporting and opposing affidavits

shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Unsupported affidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment. Rather such affidavits must contain a clear explication of factual information that would be admissible at trial. *See Orthopedic & Sports Injury Clinci v. Wang*, 922 F.2d 220, 225 (5th Cir. 1991); *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 194, (5th Cir. ), *cert denied* 109 S.Ct. 310 (1988). The court notes it is clear that Mr. Nguyen's testimony does not establish what Plaintiffs purported he could establish when providing his affidavit and/or summarizing his opinions in their Answers to the Interrogatories.

Federal Rule of Civil Procedure 26(a)(2)(A) and (B) require the parties to disclose expert witnesses and to provide a written report prepared by the witness containing all opinions to be expressed, the basis and reasons therefore, data considered by the witness, any exhibits to be used, the qualifications of the witness, compensation received, and a listing of any other cases in which the witness has testified. The parties' Scheduling Order set April 4, 2005 as the date for submission of the Plaintiffs' expert witnesses. (Doc. 6.) Plaintiffs did not move to amend this scheduling order, nor did they provide any report for Mr. Nguyen. Furthermore, Mr. Nguyen's deposition testimony undermines the statements which Plaintiffs have stated he would make, and his qualifications are questionable.

Federal Rule of Civil Procedure 37(c)(1) provides that the aformentioned expert testimony could be excluded unless substantial justification is provided for the failing to disclose this information. Furthermore, Rule 37(c)(1) also provides for alternative sanctions under Fed. R. Civ. P. 37(b)(2), including Fed. R. Civ. P. 37(b)(2)(C) which gives the court discretion to dismiss the action or proceeding or any part thereof. Similarly, Fed. R. Civ. P. 37(d) provides that failure to provide answers to interrogatories may result in sanctions under Fed. R. Civ. P. 37(b)(2)(C), including dismissal. Barring the testimony of Mr. Nguyen because of the failure to properly provide a report for him does not end the matter. Plaintiffs have been consistently dilatory in many aspects of the discovery and pleading practice, as evidenced by their continued failure to file motions in a timely manner, their failure to answer interrogatories, answer document requests, or file motions to justify their actions. Based upon such conduct, the court believes that the instant action would deserve the sanction of dismissal for failure to prosecute, *if* the court were not already intent on dismissing the instant action on summary judgment on the basis of the aforementioned admissions, which the court finds may not be withdrawn.

Accordingly, it is hereby

      ORDERED that Defendant, The Cheescake Factory Restaurants, Inc.'s Motion for Final Summary Judgment (Doc. 8) is GRANTED; and, it further

      ORDERED that Plaintiffs David Le and Chuan Le, individually and d/b/a Image Nail and Facial (hereinafter the "Plaintiffs") Motion to Permit Withdrawal of Deemed Admissions (Doc. 12) and First Amended Motion to Permit Withdrawal of Deemed Admissions (Doc. 37) are DENIED; and Plaintiffs' Motion to Extend Time to File Amended Response to the Motion for Summary Judgment (Doc. 33), and Motion for Extension of Time to File Second Amended Response in Opposition to Defendant's Motion for Final Summary Judgment (Doc. 36) are DENIED.

      SIGNED at Houston, Texas, this 14th day of September, 2005.

                                    _____
                                      MELINDA HARMON
                                      UNITED STATES DISTRICT JUDGE