United States Court of Appeals
Fifth Circuit
**FILED**
March 6, 2007
Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 06-20006

---

DAVID LE, Individually, doing business as Image Nail & Facial
CHUAN LE, Individually, doing business as Image Nail & Facial,
Individually

    Plaintiffs - Appellants

v.

THE CHEESECAKE FACTORY RESTAURANTS INC

    Defendant - Appellee

United States Courts
Southern District of Texas
FILED
APR 0 3 2007
Michael N. Milby, Clerk of Court

---

Appeal from the United States District Court
for the Southern District of Texas, Houston
No. 4:03-CV-5713

---

Before KING, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

  Plaintiffs-appellants David Le and Chuan Le, individually and doing business as Image Nail and Facial, appeal the district court's denial of their initial Rule 36(b) motion and a subsequent amended Rule 36(b) motion to permit withdrawal of deemed admissions and the subsequent summary judgment dismissal of their negligence claim in favor of defendant-appellee The

---

  [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cheesecake Factory Restaurants, Inc. For the following reasons we AFFIRM the district court's grant of Final Summary Judgment.

## I. The Motions to Permit Withdrawal

The Cheesecake Factory Restaurants, Inc. ("CCF") served David Le and Chuan Le, individually and doing business as Image Nail and Facial (collectively, "plaintiffs"), with requests for admission on November 24, 2004. Plaintiffs did not respond to the requests for admission within the time mandated by Federal Rule of Civil Procedure 36 and they were therefore deemed admitted pursuant to Rule 36. On January 12, 2005, CCF moved for summary judgment based on the deemed admissions and, alternatively, on no-evidence grounds.

On February 4, 2005, plaintiffs moved for an extension of time to respond to CCF's motion for summary judgment, which the court granted. Next, on February 17, 2005, plaintiffs filed a Motion to Permit Withdrawal of Deemed Admissions pursuant to Rule 36(b). Without addressing Rule 36(b)'s first requirement that withdrawal serve the presentation of the case on its merits, their motion, with supporting affidavits, explained that their failure to respond to CCF's request was not the result of neglect or conscious indifference,[1] but was a mistake in mail handling.

---

[1] In supporting their motion for withdrawal with evidence that their failure to respond was not the result of conscious indifference or neglect, plaintiffs appear to have moved for relief under the Texas procedural standard rather than the federal standard. Under Texas procedure, permitting withdrawal

2

Plaintiffs attached their responses to the requests for admission as an exhibit.

Plaintiffs failed to include an answer for Request Number 10 when they attached their responses to their initial motion to permit withdrawal. CCF noted this omission, as well as plaintiffs' failure to address Rule 36(b)'s first requirement, in a March 8, 2005, reply opposing the initial motion to withdraw. Nearly five months later, and just two days before the close of discovery, plaintiffs filed a First Amended Motion to Permit Withdrawal of Deemed Admissions on August 1, 2005, denying Request Number 10. Plaintiffs offered no explanation for their delay. Plaintiffs again failed to address Rule 36(b)'s first requirement and instead offered that the failure to respond to Request Number 10 was "inadvertent" and "not the result of neglect or conscious indifference."

The district court denied both the initial motion to permit withdrawal and the subsequent amended motion to permit withdrawal and granted Final Summary Judgment on the basis of the deemed admissions on September 14, 2005. Plaintiffs now appeal the district court's denial of their two motions to permit withdrawal and the subsequent summary judgment dismissal of their claim.

---

of admissions is proper upon a showing of (1) good cause and (2) no undue prejudice. Wheeler v. Green, 157 S.W.3d 439, 442 (Tex. 2005). "Good cause" is established by showing that the failure involved was an accident or mistake and not intentional or the result of conscious indifference. Id.

3

## II. Withdrawal of Deemed Admissions

Rule 36 provides that a party may serve any other party written requests for admission of the truth of any matters within the scope of Rule 26(b). FED. R. CIV. P. 36(a). The matter is deemed admitted unless the party to whom the request is directed serves the requesting party a written answer or objection within thirty days after the service of the request. Id. Moreover, "[a]ny matter admitted . . . is conclusively established unless the court on motion permits withdrawal or amendment of the admission." FED. R. CIV. P. 36(b).

A district court's decision to permit the withdrawal or amendment of an admission is reviewed for abuse of discretion. In re Carney, 258 F.3d 415, 419 (5th Cir. 2001). Although the court has considerable discretion to permit withdrawal or amendment, a deemed admission may only be withdrawn when the moving party satisfies the conditions set forth in Rule 36(b). American Auto. Ass'n v. AAA Legal Clinic, 930 1117, 1119 (5th Cir. 1991); Carney, 258 F.3d at 419. Under Rule 36(b), "the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." FED. R. CIV. P. 36(b). And, even when Rule 36(b)'s two-factor test has been satisfied, the

district court "still has discretion to deny a request to withdraw or amend an admission." Carney, 258 F.3d at 419.

Plaintiffs contend that the district court abused its discretion in denying their two motions to permit withdrawal after concluding that plaintiffs had not shown that permitting withdrawal would advance the presentation of the merits of their case, but that CCF had shown that permitting withdrawal would cause it to be prejudiced. Plaintiffs argue that the district court based its conclusions on improper criteria. Plaintiffs assert that they satisfy Rule 36(b)'s two-factor test because the denial of their two motions for withdrawal served to eliminate all merit issues and that any prejudice suffered by CCF by permitting withdrawal would be simply the need to proceed to trial. They further urge that because they satisfy the two-factor test, the district court necessarily abused its discretion in denying withdrawal.

Plaintiffs overlook our decision in Carney in arguing for a per se rule that once Rule 36(b)'s two-factor test is satisfied, a court abuses its discretion if it then denies withdrawal. Carney, 258 F.3d at 419; see also Covarrubias v. Five Unknown INS/Border Patrol Agents, 192 F. App'x 247, 258 (5th Cir. 2006) (per curiam) (unpublished). Although we agree with plaintiffs that it is proper to consider whether denying withdrawal would have the practical effect of eliminating any presentation of the

merits of the case in determining whether Rule 36(b)'s first requirement is met, see, e.g., Hadley v. United States, 45 F.3d 1345, 1348 (9th Cir. 1995), this and other courts have not relied solely on this factor in determining whether to permit withdrawal. Even where the presentation of the merits of a case would be eliminated, other factors considered are whether the plaintiff has demonstrated that the merits would be served by advancing evidence showing "the admission is contrary to the record of the case," or that the admission "is no longer true because of changed circumstances or [that] through an honest error a party has made an improvident admission." N. La. Rehab. Ctr. Inc. v. United States, 179 F.Supp. 2d 658, 663 (W.D. La. 2001) (quoting Ropfogel v. United States, 138 F.R.D. 579, 583 (D. Kan. 1991)); accord Branch Banking & Trust Co. v. Deutz-Allis Corp., 120 F.R.D. 655, 658-59 (E.D.N.C. 1988) (denying withdrawal because the movants for withdrawal proffered "no affidavit, verified pleading, or other evidence . . . to suggest the admission, if left standing, would render an unjust result under the law"). This circuit has also determined that a court acts within its discretion in considering the fault of the party seeking withdrawal, Pickens v. Equitable Life Assurance Soc., 413 F.2d 1390, 1394 (5th Cir. 1969),[2] or its diligence in seeking

---

[2] We note that Pickens was decided before the 1970 amendments to Rule 36 and thus cannot be relied upon in its entirety.

6

withdrawal, Covarrubias v. Five Unknown INS/Border Patrol Agents, 192 F. App'x 247, 248 (5th Cir. 2006) (per curiam) (unpublished).

Turning to Rule 36(b)'s second requirement, we agree with plaintiffs that "[c]ourts have usually found that the prejudice contemplated by Rule 36(b) relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." American Auto., 930 F.2d at 1117. The Eighth Circuit has interpreted this standard to not encompass the increased expenses caused by the need for additional discovery to replace withdrawn admissions, Gutting v. Falstaff Brewing Corp., 710 F.2d 1309, 1314 (8th Cir. 1983), and other courts contemplating the standard have concluded that merely having to prove the matters admitted does not constitute prejudice. No. La. Rehab. Ctr., 179 F.Supp. 2d at 663. Courts have also considered, however, within the prejudice analysis, the timing of the motion for withdrawal as it relates to the diligence of the party seeking withdrawal and the adequacy of time remaining for additional discovery before trial. See, e.g., Branch Banking & Trust Co., 120 F.R.D. at 660 (denying withdrawal where party, with due diligence, could have accessed the information needed to respond to request for admissions yet had failed to do so); No. La. Rehab. Ctr., 179 F.Supp. 2d at 663 (permitting withdrawal when party obtaining the admissions failed to show that it would not be able to present alternative evidence

7

and adequate time remained before trial to conduct limited discovery).

The district court may have acted within its discretion in denying plaintiffs' initial February 17, 2005, Motion to Permit Withdrawal of Deemed Admissions. As the court noted, although denying withdrawal would eliminate the presentation of the merits of plaintiffs' case, plaintiffs entirely failed to address Rule 36(b)'s first requirement and did not support their motion with any argument or information related to the merits of the case. See N. La. Rehab. Ctr. Inc., 179 F.Supp. 2d at 663; Coca-Cola Bottling Co v. Coca-Cola Co., 123 F.R.D. 97, 103 (D. Del. 1988); Branch Banking & Trust Co., 120 F.R.D. at 658-59. A more complex question is whether the court abused its discretion in determining that plaintiffs had not acted with diligence as of February 17, 2005, when they filed this initial motion. And, given that discovery did not close until August 3, 2005, the court may have abused its discretion in denying withdrawal when CCF had almost six months to continue discovery and its prejudice at that point in time consisted largely of the additional expense of discovery. See Gutting, 710 F.2d at 1314; N. La. Rehab. Ctr. Inc., 179 F.Supp. 2d at 663.

We need not resolve whether the district court abused its discretion in denying plaintiffs' initial motion to permit withdrawal because it is clear from the distinct circumstances

8

surrounding plaintiffs' subsequent First Amended Motion to Permit Withdrawal that the court did not abuse its discretion in denying the amended motion. Summary judgment is proper on the basis of that denial alone. Although plaintiffs had notice that they had not responded to Request Number 10 on March 8, 2005, they did not seek to withdraw this admission until nearly five months later and did so just two days before the close of discovery. They offered no explanation for their delay. Further, plaintiffs again failed to address Rule 36(b)'s first requirement—even after being apprised of Rule 36(b)'s standard by CCF's reply—and instead offered simply that "the failure to provide a response to that one single request was inadvertent, and the result of an accident and mistake in the preparation of responses to all other requests, and not the result of neglect or conscious indifference." Given plaintiffs' failure to present any argument or information showing that the presentation of the merits of their case would be served by allowing withdrawal, see, e.g., N. La. Rehab. Ctr. Inc., 179 F.Supp. 2d at 663, their lack of diligence in moving for withdrawal of Request Number 10, see, e.g., Covarrubias, 192 F. App'x at 248, and the fact that they moved for withdrawal just two days before the close of discovery, see, e.g., Branch Banking & Trust Co., 120 F.R.D. at 660, the court did not abuse its discretion in denying plaintiffs' First Amended Motion to Permit Withdrawal.

### III. Summary Judgment

The district court properly granted summary judgment to CCF on the basis of the deemed admission of Request Number 10. This court reviews grants of summary judgment de novo, applying the same standards as the district court. Armstrong v. Am. Home Shield Corp., 333 F.3d 566, 568 (5th Cir. 2003). Summary judgment is proper when there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Facts are material if they might affect the outcome of the lawsuit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Under Texas substantive law, a claim for negligence requires the plaintiff to show that (1) the defendant owed a legal duty to the plaintiff, (2) the defendant breached the duty, and (3) the breach proximately caused the plaintiff's injuries. Van Horn v. Chambers, 970 S.W.2d 542, 544 (Tex. 1998).

"Rule 36 allows litigants to request admissions as to a broad range of matters, including ultimate facts, as well as applications of law to fact." Carney, 258 F.3d at 419. Rule 36(b) provides that any matter admitted is "conclusively established." FED. R. CIV. P. 36(b). Rule 56(c), in turn, provides that admissions on file are an appropriate basis for granting summary judgment. FED. R. CIV. P. 56(c). Although we have recognized the "potential harshness" of granting summary

judgment on the basis of default admissions, we have also emphasized that compliance with the rules of procedure is "necessary to insure the orderly disposition of cases." Carney, 258 F.3d at 421 (quoting United States v. Kasuboski, 834 F.2d 1345, 1350 (7th Cir. 1987)). By failing to respond to Request Number 10, plaintiffs admitted that "[t]he Houston Galleria's failure to exercise reasonable care in the maintenance of the drainpipe was the sole proximate cause of the rupture of the drainpipe alleged in the Complaint." Accordingly, summary judgment is proper in this negligence claim on the basis of Request Number 10 because plaintiffs assign sole responsibility for causation to the Houston Galleria.

We further conclude that summary judgment is proper in this case regardless of whether the deemed admissions are permitted to be withdrawn. CCF moved for summary judgment based on the deemed admissions, and alternatively, on no-evidence grounds. Although the district court did not rule on the no-evidence ground, "[s]ummary judgment must be affirmed if it is sustainable on any legal ground in the record, and it may be affirmed on grounds rejected or not stated by the district court." S & W Enters., L.L.C. v. Southtrust Bank of Ala., N.A., 315 F.3d 533, 537-38 (5th Cir. 2003) (internal citations omitted).

On summary judgment, the moving party is not required to negate the nonmoving party's claims or present evidence proving

the absence of a material fact issue; rather, the moving party may meet its burden by simply "pointing to an absence of evidence to support the nonmoving party's case." Armstrong, 333 F.3d at 568; see also Celotex, 477 U.S. at 323 (finding "no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials negating the opponent's claim"). Once the moving party files a properly supported motion for summary judgment, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). Summary judgment will be granted where the nonmovant is unable to point to any evidence in the record that would sustain a finding in the nonmovant's favor on any issue on which he bears the burden of proof at trial. See Celotex, 477 U.S. at 322-24.

The record demonstrates that plaintiffs offered no competent summary judgment evidence below that would sustain a finding in favor of their negligence claim. Their February 17, 2005, reply to CCF's motion for summary judgment argued that summary judgment was not proper because the admissions should be withdrawn and the no-evidence ground for summary judgment was premature because discovery would not conclude until August 3, 2005. The response did not identify any material fact issues in dispute. Plaintiffs filed an amended reply on May 31, 2005, without leave of court, attaching their overdue responses to CCF's interrogatories and

asserting that the responses established genuine issues of material fact precluding summary judgment. Plaintiffs did not identify which responses created material fact issues. Moreover, the court denied plaintiffs' motion to extend time to file the amended reply and plaintiffs do not challenge this ruling on appeal.

Finally, plaintiffs filed a motion to extend time to file a second amended reply to CCF's motion for summary judgment on August 1, 2005, attaching an affidavit from their proposed expert that they contend established genuine issues of material fact. The district court's ruling, however, both barred the proposed expert's affidavit and denied plaintiffs' motion to extend time to file the second amended reply. On appeal, plaintiffs do not challenge the district court's rulings regarding their second amended reply. Furthermore, plaintiffs do not address the no-evidence ground for summary judgment on appeal. As such, summary judgment is proper because plaintiffs have entirely failed to point to any evidence in the record that would sustain a finding in their favor on the issues on which they bear the burden of proof at trial. See Celotex, 477 U.S. at 322-24.

## IV. CONCLUSION

For the foregoing reasons, the Final Summary Judgment entered by the district court is AFFIRMED.